

```
                    UNITED STATES DISTRICT COURT              FILED
                     WESTERN DISTRICT OF TEXAS              AUG 22 2018
                        SAN ANTONIO DIVISION
                                                    CLERK, U.S. DISTRICT CLERK
                                                    WESTERN DISTRICT OF TEXAS
                                                    BY_____ DEPUTY
```

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEROY SARPENTER (01)
ROY PERKINS (02),
DEMETRIUS GOODE aka DALE WILKINS (3),
ANDRE JOHNSON (04),
JACOB CAVAZOS, aka J-Dawg (05),
KENNETH BROWN, aka Bean (06),
DON WILLIAMS (07),
TERRENCE STEVENSON (08),
DAMANEION GOODE, aka D-Down, (09), and
LARRY JOHNSON, aka Skull (10),

    Defendants.

CRIM. NO. SA-18-CR-

SA 18 CR 604 FB

INDICTMENT

CT 1: 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute (Cocaine);
CT 2: 18:1956(h)-Money Laundering Conspiracy

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[21 U.S.C. §§ 841, 846]

From on or about January 1, 2015, and continuing until on or about the date of this indictment, in the Western District of Texas and elsewhere, the Defendants,

    **LEROY SARPENTER (01)**
    **ROY PERKINS (02),**
    **DEMETRIUS GOODE aka DALE WILKINS (3),**
    **ANDRE JOHNSON (04),**
    **JACOB CAVAZOS, aka J-Dawg (05),**
    **KENNETH BROWN, aka Bean (06),**
    **DON WILLIAMS (07),**
    **TERRENCE STEVENSON (08),**
    **DAMANEION GOODE, aka D[-Do]wn, (09), and**
    **LARRY JOHNSON, aka Skull (10),**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others known and unknown to the Grand Jury, to possess with intent to distribute and distribute a controlled substance, which offense involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 841(a)(1) and 841 (b)(1)(A)(ii), in violation of Title 21, United States Code, Section 846.

## COUNT TWO
## [18 U.S.C. § 1956(h)]

From on or about January 1, 2015, to on or about the date of this indictment, in the Western District of Texas and elsewhere, the Defendants,

**LEROY SARPENTER (01)**
**ROY PERKINS (02),**
**DEMETRIUS GOODE aka DALE WILKINS (3),**
**ANDRE JOHNSON (04),**
**JACOB CAVAZOS, aka J-Dawg (05),**
**KENNETH BROWN, aka Bean (06),**
**DON WILLIAMS (07),**
**TERRENCE STEVENSON (08),**
**DAMANEION GOODE, aka D-Down, (09), and**
**LARRY JOHNSON, aka Skull (10),**

and others both known and unknown to the Grand Jury, did unlawfully and willfully combine conspire, confederate and agree together and with each other and others, to commit an offense as defined by Title 18, United States Code, Section 1956, namely, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct or attempt to conduct such a financial transaction, affecting interstate or foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is, a violation of Title 21, United States Code, Sections 846, as alleged in Count One, with the intent to promote the carrying on of the said specified unlawful activity, contrary to Title 18, United

States Code, Section 1956(a)(1)(A)(i), all in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Controlled Substance Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii); subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth in Count One, the United States of America gives notice to Defendants of its intent to seek the forfeiture of the properties described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853. Criminal forfeiture**
> **(a) Property subject to criminal forfeiture**
> Any person convicted of a violation of this subchapter or subchapter II of this chapter shall forfeit to the United States . . .
>> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### II.
### Money Laundering Violations and Forfeiture Statutes
(Title 18 U.S.C. § 1956(h); subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(l)]

As a result of the foregoing criminal violations set forth in Count Two, the United States of America gives notice to Defendants of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
>> (a)(l) The court, in imposing sentence on a person convicted of an offense in violation of section 1956. . . of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes but is not limited to the personal properties described below in Paragraphs III-IV.

### III.
### Money Judgment

A sum of money which represents the amount of proceeds obtained, directly or indirectly, as a result of the violations set forth in the Counts referenced above for which each Defendant is liable.

### IV.
### Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

JOHN F. BASH
United States Attorney

_____
RUSSELL D. LEACHMAN
Assistant United States Attorney